# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: ) | |
| **Carole L. Taylor,** ) | Civil Case No. 13-1000 |
| ) | (Appeal related to |
| Debtor, ) | Bankruptcy Case No. 10-20954 |
| ) | Adversary Proceeding 10-2361) |
| ) | |
| **Carole L. Taylor,** ) | |
| ) | |
| Appellant, ) | |
| v. ) | |
| ) | |
| **Negley Park Home Owners** ) | |
| **Association** ) | |
| ) | |
| Appellee. ) | |

## MEMORANDUM OPINION

**CONTI, Chief District Judge**

Appellant Carole L. Taylor ("Debtor") was the defendant in Adversary Proceeding No. 10-2361 in Bankruptcy Case No. 10-20954. The complaint filed in that adversary proceeding by Rhonda J. Winnecour ("Trustee"), the standing Chapter 13 trustee in bankruptcy court, asserted a fraudulent conveyance claim. The Trustee filed a motion to dismiss this appeal. (ECF No. 8.) In that motion the Trustee brings to the court's attention the terms of a settlement agreement entered into by the Debtor and approved by the bankruptcy court, which the Trustee asserts bars this appeal. In the motion, the Trustee also requests that because Debtor has filed several other appeals which were also barred by the settlement agreement and dismissed on that basis, the court should require Debtor to obtain approval of the court prior to filing any further appeals.

The relevant settlement agreement was entered into on an interim basis on February 10, 2012, three days prior to the date of a scheduled trial. The settlement agreement was approved on an interim basis by the United States Bankruptcy Judge. (Bank No. 10-20954 (ECF No. 328).) Objections to the settlement agreement were to be filed on or before February 27, 2012. (Id. (ECF No. 328 at 2).) If no objections were filed by that date, then the settlement agreement would be approved on a final basis without further notice, hearing or order. (Id.) Debtor did not file any timely objections and the settlement agreement was approved on a final basis on February 27, 2012.

Under the terms of the settlement agreement, the Debtor agreed that "all of the orders entered by the bankruptcy court are final and non-appealable" and "all court actions, will be withdrawn by [Debtor] . . . with prejudice." (Bankr. Case No. 10-20954 (ECF No. 403-1 at 4-5).) The adversary proceeding at issue in this appeal is such an action. Debtor agreed not to institute any action or suit at law or equity against, among others, the appellee in this appeal, Negley Park Home Owners Association, "or any party involved in these bankruptcy proceedings." (Id. (Settlement Agreement ¶ 12).)

After the settlement agreement was finally approved, Debtor argued that she did not sign the document presented to the bankruptcy court as the settlement agreement. (Bankr. Case No. 10-20954 (ECF No. 369).) The bankruptcy court held an evidentiary hearing on April 10, 2012, regarding Debtor's assertions that she did not sign the settlement agreement. In one of the prior appeals to this court by Debtor, the district court noted that the bankruptcy court "made specific findings that the testimony of both Debtor and her daughter, Colette Taylor, was not credible, and that the testimony of the attorneys representing Appellees was credible regarding the terms of and the execution of

2

the settlement agreement." Taylor v. Messmer (In re Taylor), Civ. Action Nos. 12-752,753 (W.D. Pa.) (ECF No. 12 at 3). Debtor did not appeal the factual findings of the bankruptcy court and is bound by the terms of the settlement agreement.

This is the sixth time Debtor has filed an appeal which was barred by the terms of the settlement agreement. Debtor's prior appeals were before Judge David Cercone (two appeals), Judge Cathy Bissoon (two appeals) and Judge Mark Hornak. See Civil Action Nos. 12-752, 12-753, 12-1900, 13-0012 and 13-999. Debtor filed this appeal from an order of the bankruptcy court issued on May 29, 2013, which closed Adversary Proceeding 10-2361. (Bankr. Case No. 10-20954, Ad. Proc. 10-2361 (ECF No. 93).) The order closing the appeal was based upon the order entered April 26, 2012 (Id. (ECF No. 79)) relating to the enforcement of the settlement agreement.

It is clear from the bankruptcy court's order closing the adversary proceeding, which is the subject of this appeal, that the settlement agreement necessitated the closing of the adversary proceeding and bars this appeal. For the same reasons the appeals in the other cases which were before this court and in which Debtor was the appellant were dismissed, the Trustee's motion to dismiss must be granted and the Debtor's appeal will be dismissed.

The Trustee is also requesting that the court require Debtor to seek approval of the court before filing another pro se appeal related to her bankruptcy case. (ECF No. 8 at 2). Given that this is the sixth time Debtor has filed an appeal which is barred by the settlement agreement, the court will grant that motion. See Matter of Packer Ave. Assocs., 884 F.2d 745, 749 (3d Cir. 1999). The Debtor will be precluded from filing any appeal which seeks to raise claims and/or issues that would be barred by the settlement

3

agreement without leave of court. In seeking leave of court, Debtor will be required to certify that the claims and/or issues she wishes to raise are not barred by the settlement agreement. Upon a failure to certify or upon a false certification, Debtor may be found in contempt of court and accordingly punished. (Id.)

Dated: January 24, 2014

By the court,

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief United States District Judge